FOWLER v. DUNBAR.

Ohio Appeals, 6th Dist., Wood Co.

No. 90. Decided Dec. 12, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

225. CHARGE OF COURT—Further instructions, given to jury in absence of counsel and court stenographer, must, in all cases, be grounds for reversal, where prejudice results to party aggrieved.

Error to Common Pleas.

Judgment reversed.

F. B. Fowler, Wauseon, for Fowler.

F. S. & J. M. Ham, Wauseon, for Dunbar.

FULL TEXT.

PER CURIAM.

We are of the opinion that the judgment in this case should be reversed for the reason that the verdict and judgment are manifestly against the weight of the evidence.

We are of the opinion that the charge is not free from ambiguity and that the principles of law as applied to the issues of the case could have been stated with more clearness. There is no reason why an action of this character might not be submitted to the jury in the alternative with instructions that, if the jury failed to find from the evidence that the plaintiff was entitled to recover upon his contract for legal services, then it should determine whether or not he was entitled to recover upon the quantum meruit.

As the case is being sent back for further proceedings, the plaintiff may desire to amend his petition so that the cause may be so submitted, and evidence offered as to the fair and reasonable value of the services performed.

The record discloses that further instructions were given to the jury in the absence of counsel and the court stenographer, and it does not disclose that reasonable effort was made either to procure the attendance of the court stenographer or counsel for plaintiff. This is a practice that can not be approved and must in all cases be a ground of reversal where prejudice results to the party aggrieved.

Seagrave v. Hall, 10 C. C., 395.

For the reasons given the judgment will be reversed and the cause remanded for further proceedings warranted by law.

(Richards, Williams and Lloyd, JJ., concur.)